# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

JULY SESSION, 1998

FILED

August 20, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| ELIZABETH SMITH, | ) | C.C.A. NO. 01C01-9709-CC-00436 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | LINCOLN COUNTY |
| VS. | ) | |
| | ) | HON. CHARLES LEE |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Post-Conviction) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CIRCUIT COURT OF LINCOLN COUNTY

FOR THE APPELLANT:

ELIZABETH SMITH, PRO SE
3881 Stewart Lane
Nashville, TN 37218-3302

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

LISA A. NAYLOR
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

W. MICHAEL McCOWN
District Attorney General
P.O. Box 878
Fayetteville, TN 37334

OPINION FILED _____

AFFIRMED PURSUANT TO RULE 20

JERRY L. SMITH, JUDGE

# <u>ORDER</u>

Appellant Elizabeth Smith was convicted by a jury in the Lincoln County Circuit Court on April 15, 1992 of the first degree murder of her husband. She received a sentence of life imprisonment with the Tennessee Department of Correction. This Court affirmed her conviction and sentence. <u>State v. Elizabeth Smith</u>, C.C.A. No. 01C01-9211-CC-00362, Lincoln County (Tenn. Crim. App., Nashville, March 2), <u>perm. to appeal denied</u>, (Tenn. 1995). On appeal, she presents the following issue for our review: whether the trial court erred in dismissing Appellant's petition for post-conviction relief on the ground that it was barred by the statute of limitations.

After a review of the record, we affirm the judgment of the trial court pursuant to Court of Criminal Appeals Rule 20.

On August 13, 1997, Appellant filed her *pro se* petition for post-conviction relief in the Lincoln County Circuit Court. In her petition, she alleged, *inter alia*, ineffective assistance of counsel and *ex post facto* application of laws both in the sentencing and post-conviction proceedings. The trial court dismissed the petition without a hearing on August 9, 1997.

Prior to the adoption of the recent Post-Conviction Procedure Act, petitions like the present one had to be filed within three years of the date of the final action of the highest state appellate court to which an appeal was taken. Tenn.

Code Ann. § 40-30-102 (1995, Repl.). However, the new Post-Conviction Procedure Act, which took effect on May 10, 1995, subsequently shortened the three-year statute of limitations to one year. Tenn. Code Ann. § 40-30-201 *et seq.* (Supp. 1996). Appellant's statute of limitations for the filing of a petition for post-conviction relief began to run on June 12, 1995, the date that the Tennessee Supreme Court denied her application to appeal, and expired one year later on June 12, 1996. Appellant filed her petition on August 13, 1997, more than one year after the expiration of the limitations period. We conclude that the trial court properly dismissed the August 19, 1997 petition as being barred by the statute of limitations.

Accordingly, we affirm the trial court's judgment pursuant to Court of Criminal Appeals Rule 20.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
PAUL G. SUMMERS, JUDGE

_____
DAVID G. HAYES, JUDGE